# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERESA MILLER,**

      **Petitioner,**

v.                                          **Civil Action No. 2:16cv7**
                                                      **(Judge Bailey)**

**STATE OF WEST VIRGINIA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

This case was initiated on February 1, 2016, when the Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On that same date, the Clerk of Court sent the Petitioner a Notice of Deficient Pleading. ECF No. 2. On March 10, 2016, the Petitioner filed her petition on the court-approved form [ECF No. 12], together with a Motion for Leave to Proceed *in forma pauperis* [ECF No. 14] and a Prisoner Trust Fund Account. ECF No. 15. The Petitioner was granted leave to proceed *in forma pauperis*, but was required to pay the $5.00 filing fee. ECF No. 17. On April 4, 2016, the Petitioner paid the required fee. ECF No. 37. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P § 2.

### I. Factual Background[1]

**A. Petitioner's Conviction and Sentence**

On November 14, 2013, the Petitioner entered a plea of guilty to the charge of Possession

---

[1]Unless otherwise noted, the information contained within this section is taken from an Amended Order Revoking Probation. ECF No. 12-9. This Order is also part of the Appeal pending before the West Virginia Supreme Court. Documents from the Appeal were scanned and sent to the *pro se* law clerk assigned to this matter on June 17, 2016. In addition, the Circuit Clerk for Monongalia County faxed a copy of the Petitioner's criminal docket to the *pro se* law clerk.

with Intent to Deliver a Schedule II Controlled Substance, the felony charged in an indictment returned in the Circuit Court of Monongalia County, West Virginia. On January 6, 2014, the Petitioner was sentenced to a term of 1 to 15 years in the West Virginia State Penitentiary. However, the Court sentenced the Petitioner to home incarceration in lieu of the Penitentiary, and she was ordered to attend probation as requested by the Probation Office.

A revocation hearing was held on February 25, 2014, due to the Petitioner testing positive for cocaine. The Circuit Court granted the State's motion and revoked the Petitioner's probation and home confinement. The Petitioner was then placed in the custody of the Division of Corrections.

On June 9, 2014, a hearing was held on the Petitioner's Motion for Reconsideration. The Circuit Court granted the motion and agreed to place the Petitioner on home confinement, contingent on whether the Preston County home confinement office would agree to accept her and her acceptance into Drug Court or an in-patient treatment center. Upon being placed on home confinement, the Petitioner was ordered to enroll in Drug Court or be accepted into an in-patient treatment program.

On March 9, 2015, a hearing was held on a second Motion for Reconsideration filed by the Petitioner, because she had never been released on the Court's previous Order granting her home confinement contingent on her fulfilling specific terms. The Circuit Court granted the motion and ordered the Petitioner placed on probation for a period of 6 months with specific terms and conditions. The petitioner was immediately released from Lakin Correctional Facility.

Thereafter, on June 3, 2015, the State of West Virginia filed a motion to revoke probation, due to the Petitioner's non-compliance, including several missed appointments with both probation and the Day Report Center. A hearing was held on the motion on June 30, 2015, and the Petitioner

failed to appear. A capias was issued for the Petitioner's arrest, and she was arrested on July 20, 2015.

Following a hearing on July 30, 2015, the Circuit Court found that the Petitioner had violated the terms of her probation by absconding from supervision, and therefore, granted the State's motion and revoked her probation. The Court further ordered the imposition of the Petitioner's original sentence in the West Virginia State Penitentiary. The Circuit Court then remanded the Petitioner into the custody of the Division of Corrections ("DOC") for placement.[2] On December 29, 2015, the State of West Virginia appeared by and through Assistant Prosecuting Attorney Stephen Fitz, and the Petitioner appeared in person and with her counsel, Edmond Rollo, for a hearing on the Petitioner's third motion for reconsideration. However, upon reviewing the complete procedural history of the case including the number of times the Petitioner had violated her probation, and with the understanding that the Petitioner had been placed for parole consideration[3], the Circuit Court denied the motion. In addition, the Circuit Court released Edmond Rollo from his duties as court-appointed counsel and appointed Edmond Rollo to represent the Petitioner in her request to have a habeas petition filed.

B. **Petitioner's Direct Appeal**

---

[2]The order noted the Petitioner's conviction date of November 14, 2013, her sentence date of January 6, 2014, her revocation date of July 30, 2015, and gave her credit for 464 days towards her sentence.

[3]The *pro se* law clerk has been informed by the record clerk at Lakin Correctional Center that Petitioner had a parole hearing on June 13, 2016, and was denied parole. Her next parole hearing date is November 1, 2017, and her projected release date is in 2021. This information is normally available on the DOC website, but the Petitioner's information is not currently available.

The Petitioner did not appeal her original conviction. However, on March 7, 2016, she appealed the Circuit Court's order revoking her probation and committing her to the custody of the DOC. The appeal remains pending, and the Circuit Court has been directed to appoint her counsel.

C. **Petitioner's State Habeas Petition**

The Petitioner has never filed a state habeas petition.

D. **Petitioner's Federal Habeas Petition**

The Petitioner raises four "grounds" for relief:

> 1. Judge Gaujot granted a reconsideration on 12-29-15 for drug court. After Attorney removing himself from case, I asked would I be able to get an attorney for the habeas relief I was trying to file. He said pick one or the other so I picked the habeas. He then denied the reconsideration he had just granted.
>
> 2. Probation was revoked filed on 6-3-15 order for a capias issued on 6-30-15 was issued for wrong address. So where had all the previous written attempts been sent because probation and court knew I was living in a different county Preston. 7-30-15 there was a hearing. I did not appear for where was the notice was sent.
>
> 3. Amended home confinement Order stating I would be leaving North Central Regional Jail and not returning on 7-22-14. On 7-23-14 was transported to Lakin Correctional Center with no transport order. And held here for 8 months. Showing my order to counselors, the parole board and writing numerous letters.
>
> 4. Order granting a Motion for Reconsideration on March 9, 2015 I received a reconsideration I never asked for. Placing me on probation for 6 months. It was said in court that I had been left in prison for this amount of time because the judges sectary (sic) was not giving him his mail. He told Mr. Rollo he was sorry there was a Lawyer Disciplinary Board Decision against him.

ECF No. 12 at 8-14.

For relief, the Petitioner requests that all charges be dismissed without prejudice. It also appears that she believes that her incarceration time has been served, and presumably, seeks release from incarceration. In addition, the Petitioner requests that she be granted relief for the violation

4

of her Constitutional rights as determined by this Court and any other relief to which she may be entitled. The Petitioner notes that "[she] and [her] family suffered a personal injury due to the negligent and wrongful acts of the people having custody of [her] and putting her there. ECF No. 12 at 20.

## II. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted her state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims).

To exhaust state remedies, a habeas petitioner must fairly present the substance of her claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presents to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

5

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from her conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[4] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that she has exhausted her state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.

Here, the Petitioner filed a direct appeal on March 17, 2016, which appears to challenge the actions of the Circuit Court relating the revocation of probation. This appeal is pending, and by her own admission, the Petitioner has never filed a state habeas proceeding regarding the allegations raised in her federal habeas petition. Therefore, the undersigned finds that the Petitioner's claims are not exhausted. Thus, it is inappropriate for this Court to entertain the Petitioner's federal habeas petition at this time, and the petition should be dismissed.

### III. Recommendation

---

[4] Picard v. Connor, 404 U.S. 270 (1971).

For the reasons set forth in this opinion, it is recommended that the Petitioner's § 2254 petition be **DISMISSED WITHOUT PREJUDICE** to the Petitioner's right to renew the same following the proper exhaustion of state remedies. It is further recommended that the Petitioner's pending motions [ECF Nos. 27, 28, 31, 32, 33, 34, 38, 39, 42, 43, 45, 46, 47, 48, 51, 52, 53, 54, 55, 56, 57, 58, 59, and 65] be **DISMISSED AS MOOT.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: June 21, 2016.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE